UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARIA DEL CONSUELO ALVAREZ,** | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| | § | |
| **THE GEO GROUP, INC.;** | § | SA-09-CV-0299 OG (NN) |
| **VAL VERDE COUNTY;** | § | |
| Officer FNU BENAVIDES, in his/her | § | |
| Employee and Individual Capacities; | § | |
| Officer FNU GARCIA, in his/her | § | |
| Employee and Individual Capacities; | § | |
| Officer FNU GUZMAN, in his/her | § | |
| Employee and Individual Capacities; | § | |
| Officer FNU HERNANDEZ, in his/her | § | |
| Employee and Individual Capacities; | § | |
| Officer FNU MALDONADO, in his/her | § | |
| Employee and Individual Capacities; | § | |
| Captain LUCIANO REYES, in his | § | |
| Employee and Individual Capacities; | § | |
| Officer FNU SALDUVAS, in his/her | § | |
| Employee and Individual Capacities; | § | |
| UNKNOWN SECURITY GUARDS, in his/ | § | |
| her Employee and Individual Capacities; | § § | |
| Defendants. | § | |

## ORDER GRANTING ADDITIONAL TIME TO SERVE

This order addresses plaintiff Maria Del Consuelo Alvarez's motion for additional time to serve The Geo Group employees named as defendants in this case.[1] Defendants oppose the motion.[2]

---

[1] Docket entry # 31. These defendants are Benavides, Garcia, Guzman, Hernandez, Maldanado, Reyes Salduvas and other unnamed persons.

[2] Docket entry #35.

Alvarez filed this case on April 14, 2009, but the defendant-employees have not been served. Alvarez missed the 120-day window under Rule 4(m) for serving defendants with a summons and a copy of the complaint.[3] The failure to serve the employees surfaced in objections[4] to my report and recommendation on motions to dismiss. Since that time, the District Judge directed Alvarez to show cause why the employees should not be dismissed for lack of service under Rule 4(m).[5] Alvarez responded by asking for more time to serve the employee-defendants.

Service is a fundamental principle of due process. Federal Rule of Civil Procedure 4(m) requires that service be accomplished within 120 days of the filing of the complaint unless good cause can be shown for the failure. Where good cause has not been shown the Court has discretion to extend the time for service or dismiss the action.[6] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[7]

Attempting to demonstrate that good cause excuses her failure to serve defendants within 120 days, Alvarez explains that she hired her lawyer shortly before the expiration of the statute of limitations, not knowing the full names and addresses of the employees. She also argues that the

---

[3]Fed. R. Civ. P. 4(m) (providing 120 days after the complaint is filed to serve a defendant with a summons with a copy of the complaint).

[4]Docket entry # 27, ¶ 5.2.

[5]Docket entry # 28, p. 5.

[6]*Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

[7]*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations omitted).

delay in obtaining rulings on motions to dismiss delayed her efforts to serve these defendants.

These reasons do not rise to the level of good cause. Not knowing the full names and addresses of the employees may have constituted good cause initially, but too much time has passed for that reason to constitute good cause at this point. Alvarez may have encountered difficulty retaining an attorney. Once she retained an attorney, the attorney's initial concern would have been to file Alvarez's complaint within the limitations period. Efforts to respond to the motions to dismiss may have distracted the attorney from efforts to assemble the information needed to serve the defendant-employees, but over two months passed after filing the complaint before the motions were filed. Even though Alvarez did not know who employed the defendant-employees when she filed her complaint, that question was resolved when The GEO Group stated in its answer that it employed the employees.[8] Most likely, Alvarez's attorney simply neglected to pursue service.

Notwithstanding the lack of good cause, the Court has discretion to grant an extension of time to serve the defendants. The Fifth Circuit directs that where the applicable statute of limitations likely bars future litigation the Court should allow additional time to effect service, unless there is "a clear record of delay or contumacious conduct by the plaintiff," evidenced by "(1) delay caused by plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct."[9]

The record here supports expansion of the time to effect service. The statute of limitations has expired in this case. If plaintiff is not allowed additional time to serve these

---

[8] Docket entry # 10, ¶¶ 10 & 11.

[9] *Millan*, 546 F.3d at 326 (citations omitted).

defendants and her claims against them are dismissed, she will not be able to re-file those claims. In contrast, defendants, who are employees of the defendants who have been served and who have actively participated in this case, have not shown that granting an extension of the time for service would result in actual prejudice.[10]  There is no evidence that plaintiff herself caused the delay in serving these defendants with process, or that the delay was intentional.

For the above reasons, I find that the interests of justice warrant a brief extension of time to serve the employee-defendants.  Alvarez's motion for additional time to the serve the employee-defendants (docket entry # 31) is GRANTED.  Alvarez is ORDERED to serve the employee-defendants within 30 days from the date of this order.  If Alvarez fails to serve the employee-defendants by that deadline, I will recommend dismissing the claims against those defendants.

**SIGNED** on June 8, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10] *Boley v. Kaymark*, 123 F3d 756, 759 (3rd Cir. 1997) (running of statute of limitations is a factor supporting the exercise of discretion and granting extension of time to effect service, but is not a factor that supports a finding of prejudice to the defendant).