UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA DEL CONSUELO ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| THE GEO GROUP, INC.; & | § | SA-09-CV-0299 OG (NN) |
| VAL VERDE COUNTY; | § | |
| | § | |
| Defendants. | § | |

**SECOND REPORT AND RECOMMENDATION**

TO:   **Honorable Orlando Garcia**
      **United States District Judge**

   This report and recommendation addresses the pending motions to dismiss. I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district judge's order of referral.[1] This is my second report and recommendation in this case. My first report and recommendation addressed the first four motions to dismiss (docket entry #s 7, 8, 11 & 19). The defendants have moved to dismiss each time the plaintiff amended her complaint. The first two pending motions to dismiss (docket entry #s 38 & 39) are moot because they address the first amended complaint. After those motions were filed, the plaintiff amended her complaint to dismiss the individual defendants.[2] The remaining defendants are: The GEO Group, Inc., a private contractor operating the Val Verde Correctional Facility and County Jail (the jail), and Val Verde County, Texas (the County), a governmental entity which contracted with The GEO Group for

---

[1]Docket entry # 20.

[2]Docket entry # 43.

operation of the jail.  The last two pending motions (docket entry # 44 & 45) address the plaintiff's second amended complaint.  The motions are brief, but appear to rely on Rule 12(b)(6).  A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[3]

    **The GEO Group's motion**.  The GEO Group asked for dismissal of the plaintiff's section 1983 claim.[4]  The GEO Group argued that the claim fails because the plaintiff failed to allege liability under the framework set out in *Monell v. Department of Social Services*.[5]  To state a claim under *Monnell*, a plaintiff must allege "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[6]  To state a claim for governmental liability based on a lack of training, the plaintiff must allege inadequate training procedures; that inadequate training caused the constitutional violation; and the deliberate indifference of the policymaker.[7]  Although the GEO Group characterized the plaintiff's allegations about policy as conclusory and insufficient to state claim, that is an inaccurate characterization of the plaintiff's second amended complaint.  The plaintiff alleged that she was severely injured while confined at the jail when without warning a defective steel door slammed closed and latched shut on her right hand.  The blow severed her middle finger and nearly severed two other fingers.  The plaintiff alleged violations of her Fifth Amendment right to due process and the Eighth Amendment

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] Docket entry # 44, pp. 1-2.

[5] *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978).

[6] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[7] *Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir. 2002).

prohibition against cruel and unusual punishment. The plaintiff alleged the following:

> 46. On information and belief, Defendants, acting at the level of official policy and custom, with deliberate, callous, and conscious indifference to Plaintiff's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, proximately causing the deprivation of Plaintiff's due process and cruel and unusual punishment rights, and the resulting injury suffered, by:
>
>> a. Failing and refusing to provide health treatment for Plaintiff following a catastrophic injury to her hand;
>>
>> b. Failing and refusing to take adequate preventive measures upon discovery of dangerous and defective facilities which led to the severing of Plaintiff's fingers;
>>
>> c. Physically and mentally abusing Plaintiff by forcing her to change her shirt (while in horrific pain and while clutching her severed fingers in her hand) prior to transporting her to an emergency room;
>>
>> d. Mentally abusing Plaintiff by ridiculing her upon having her fingers severed, forcing her to clean up the blood with a towel prior to taking her to an infirmary, and claiming that she would now be less of a woman.
>
> 47. Defendants all knew of the consistent pattern of failing to provide prompt medical treatment to injured inmates, as well as the dangers and risks involved in not timely transporting those inmates with medical emergencies to the appropriate medical facility. Particularly in regard to severed limbs and digits, Defendants had no policy in place to increase the likelihood of reattachment by prompting icing down the severed body-part (or otherwise) and rapidly transporting the inmate to a facility capable of performing re attachment surgery.
>
> 48. Defendants had prior knowledge of the dangers and defective facilities which led to the severing of Plaintiff's fingers, and despite this prior knowledge, none of the Defendants corrected the problem at the detention center. The wrongful acts and/or omissions of Defendants constitute reckless disregard and conscious indifference to the Plaintiff's safety and physical well-being and posed a substantial risk of harm in violation of her right to due process and to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution.
>
> 49. Furthermore, the above-described wrongful acts constitute evidence that Defendants acted willfully, deliberately, maliciously, or with reckless disregard of Plaintiff's safety in violation of 42 U.S.C. § 1983.

> 50. Defendants['] wrongful acts and/or omissions and its failure to training and/or supervise their employees, agents and servants, including, but not limited to, their correctional officers, nurses and health services administration constitutes deliberate indifference to Plaintiff's safety, and was the cause of violations of her right to due process of law, and to be free from cruel and unusual treatment pursuant to the Eighth and Fourteenth Amendments of the Untied States Constitution, and 42 U.S.C. § 1983. Defendants were deliberately indifferent to Alvarez' serious medical needs, health, safety and civil rights by failing to train its officials and employees to properly address the serious medical and physical needs of its inmates. The constitutional duty was implicated in recurrent situations and the failure to train and supervise the employees in this area created an extremely high risk that constitutional violations would ensue.
>
> 51. Furthermore, the Defendants' pattern of unconstitutional conduct and policies were so pervasive as to constitute actual or constructive knowledge of the conduct on the part of policy makers, whose deliberate indifference to the unconstitutional practices is evidenced by a failure to correct the situation once the need for training and supervision became obvious.
>
> 52. The aforementioned lack of supervision, policymaking, and training was a moving force behind the alleged constitutional violations herein and the Plaintiff's suffered injuries and damages . . . .[8]

These allegations are sufficient to state a claim because they allege a policymaker; an official policy; and a violation of constitutional rights whose "moving force" was the policy or custom. The plaintiff's allegations about inadequate training alleged inadequate training procedures; that inadequate training caused the constitutional violation; and the deliberate indifference of the policymaker. The GEO Group's motion should be denied.

**The County's motion**. The County first asked for dismissal of the plaintiff's negligence claim.[9] The County argued that the negligence claim must be dismissed because the plaintiff alleged "her injury was neither caused by . . . County's employees nor by the County's employees' use or misuse of tangible property."[10] The County relies on the fact that detention guards at the jail

---

[8] Docket entry # 43.

[9] Docket entry # 45, p. 2.

[10] Docket entry # 45, p. 2.

are employed by The GEO Group.  The plaintiff, however, pleaded Texas agency law.  The evidence in this case shows the County authorized The GEO Group to act on its behalf in managing intergovernmental contracts for the detention of non-County inmates and the detention of non-County inmates like the plaintiff.[11]  "In determining whether a principal is vicariously responsible for the conduct of an agent, the key question is whether the principal has the right to control the agent with respect to the details of that conduct."[12]  That question is not before the court.  It is enough that the plaintiff pleaded Texas agency law.

The County also asked for dismissal of the plaintiff's premises liability claim because the plaintiff failed to allege the County had actual knowledge of the problem with the cell door.

> Generally, the duty a landowner owes a licensee is not to injure the licensee through willful, wanton, or grossly negligent conduct.  An exception to the general rule is that if the landowner has knowledge of a dangerous condition and the licensee does not, the landowner has a duty either to warn the licensee or to make the condition reasonably safe.[13]

Although the County complained that the plaintiff failed to allege the County had actual knowledge, the second complaint alleges actual knowledge—"The Defendants had actual knowledge of the danger."[14]  Thus, the County is not entitled to dismissal of the premises liability claim on this basis.

The County next asked for dismissal of the plaintiff's section 1983 claim.  The County complained that the plaintiff failed to meet the *Monell* pleading standard.[15]  That argument is addressed above.  The second amended complaint states a claim under *Monell*.

---

[11] *See* docket entry # 22, exh. 2, ¶ 3.04

[12] *State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 627 (1998).

[13] *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (1997).

[14] Docket entry # 43, ¶ 70.

[15] Docket entry # 45, pp. 3-4.

The County also complained that the plaintiff did not plead facts constituting deliberate indifference. The plaintiff's allegations, however, are sufficient to plead deliberate indifference. For example, the plaintiff alleged, "Defendants all knew of the consistent pattern of failing to provide prompt medical treatment to injured inmates, as well as the dangers and risks involved in not timely transporting those inmates with medical emergencies to the appropriate medical facility."[16]

Finally, the County complained that the complaint alleges The GEO Group, not the County, caused the plaintiff's injury. To prevail on her section 1983 claim, the plaintiff must prove that she was injured as a result of the County's acts or omissions. Many of the allegations in the second amended complaint refer to acts or omissions by employees of The GEO Group. Other allegations, however, address issues of jail management. Contracts for the operation of the jail show the County retained control over various aspects of the jail's management. Because the County retained control, factual allegations about acts or omissions by The GEO Group employees do not defeat the plaintiff's claim. Evidence about the extent and effect of the County's control may ultimately defeat the plaintiff's claim, but the plaintiff has sufficiently pleaded her claim. The County is not entitled to dismissal of the section 1983 claim.

**Recommendation**. For the reasons discussed herein, I recommend denying the motions to dismiss the second amended complaint (docket entry #s 44 & 45). The motions to dismiss the first amended complaint (docket entry #s 38 & 39) may be denied as moot.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

---

[16] Docket entry # 43, ¶ 47.

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[17]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[18]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[19]

**SIGNED** on August 28, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[17] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[18] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[19] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).